## Steffen's License

*Harry B. Crytzer*, for appellant.

*Spencer W. Hill* and *Harry E. Simmons*, for Pennsylvania Liquor Control Board.

RICE, P. J., June 23, 1941.—This proceeding is an appeal by Joseph D. Steffen from the refusal of the Pennsylvania Liquor Control Board, hereinafter called the board, to grant him a retail dispenser eating place license for premises in Lack Township, Juniata County, under the provisions of the Beverage License Law of June 16, 1937, P. L. 1827. The petition of appellant was filed April 7, 1941, and on April 28, 1941, the court fixed May 20, 1941, as the time for a hearing and directed that 10 days' written notice be given the board. At the hearing, appellant and his counsel appeared, and the board was represented by two attorneys attached to the Department of Justice, who admitted that proper notice had been received by the board.

The petition of appellant sets forth, inter alia, that a license was refused appellant because "Lack Township, by local option, has voted against the issuance of liquor and beer licenses; therefore, the board is not empowered to grant any such license in this municipality". The petition does not have attached to it copies of the application for the license, the proof of notice of the application, and the bond of appellant, or the opinion of the board refusing the license.

At the hearing the evidence offered and admitted consisted of: (1) The testimony of Samuel J. Bay, Prothonotary of the Court of Common Pleas of Juniata County, to the effect that Lack Township was, in 1935, divided into three election districts, namely, Black Log district, Lack district, and Ross Farm district, and identifying certain papers and dockets of his office to be offered in evidence; (2) the testimony of appellant to the effect that the board had given him no reason for refusing his application except the 1935 referendum in Lack Township, that, in June 1940, he examined the election docket in the prothonotary's office containing the results of the 1935 election and found that there was no record of a vote in Lack Township on the question as to the issuance of beverage licenses, that his attorney, Harold F. Kerchner, received a letter from the board, that, after receiving this letter, he expended $500 or $600 on the building on the premises, paid a $10 filing fee, and filed an application and a bond, that he moved into the Lack election district in October 1940, that prior to that he had lived at Honey Grove, Juniata County, and that prior to that he had lived in Mifflintown Borough, Juniata County, all his life; (3) a petition of electors of Lack Township, Juniata County, for a referendum at the 1935 municipal election on the question, "Do you favor the granting of malt and brewed beverage retail licenses for consumption on premises where sold in Township of ——————, County of ——————, Pennsylvania?", having attached to the same a certified copy of a resolution of the Supervisors of Lack Township for the submission of the said question as prayed for, with the blank spaces filled up to show that the township was Lack and the county Juniata; (4) the certified computation of the vote at the 1935 election; (5) the official election docket containing the results of the 1935 election; and (6) a letter of the board to Harold F. Kerchner, attorney for appellant, dated September 12, 1940, stating, inter alia: "Lack township has voted against the issuance of retail liquor licenses." The testi-

mony was not taken stenographically, since the act does not require that to be done and appellant did not request it, but the president judge made notes showing the substance of the testimony and the papers and docket admitted in evidence. Neither the application for the license, nor the proof of notice of the application, nor the bond of the applicant, nor the opinion of the board refusing the license, nor the order of the board refusing the license, nor certified copies of any of these papers were offered in evidence. The only evidence produced at the hearing was the testimony of the said two witnesses and the said four exhibits.

Appellant evidently proceeded on the theory that the only question before the court was whether the board erred in its refusal of a license on account of the local option vote in Lack Township, but the court will not pass upon that question because, as we shall hereinafter set forth, the appeal must be dismissed for want of proper and sufficient proof that appellant complied with the requirements of the Beverage License Law.

This appeal is taken under the provisions of section 7 of the said law, the pertinent portions of which are as follows:

"Any person aggrieved by the refusal of the Board to issue . . . a license may appeal to the court of quarter sessions of the County in which the premises applied for are located within twenty days of date of refusal. Such appeal shall be upon petition of the applicant, who shall serve a copy thereof upon the board. *The court shall hear the application de novo*, at such time as it shall fix, of which notice shall be given to the board. The court shall either sustain the refusal of the board or order an issuance of the license to the applicant. There shall be no further appeal." (Italics supplied.)

The Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, sec. 404, provides for a similar procedure on appeal and also says: "The Court shall hear the application de novo", and any cases under this act and on the

authority of the court on an appeal will apply to an appeal under the Beverage License Law.

"De novo" means: (1) "anew; afresh; a second time": Black's Law Dictionary (2d ed.) 328; (2) "anew; afresh": Webster's New International Dictionary (2d ed., 1938) ; (3) "anew": Commonwealth v. Funk, 323 Pa. 390, 399. Numerous appellate court cases have held, in effect, that, when an act of assembly gives an appeal from some subordinate tribunal to a court of record and empowers the court to hear witnesses and take testimony, the trial or hearing is de novo, whether this phrase is found in the act or not. A recent case is Commonwealth v. Funk, supra. In Privol's Appeal, 20 D. & C. 163, Judge McConnel held that an appeal under section 404 of the Liquor Control Act of 1933 should be heard as though the application had not been passed upon by the Liquor Control Board, even though the said act did not make use of the phrase "de novo" in reference to the hearing on the appeal. In Spankard's Liquor License Case, 138 Pa. Superior Ct. 251, 255, the court said:

"We call attention to the fact that under the Act of 1937, supra [Pennsylvania Liquor Control Act], the hearing in the Quarter Sessions on appeal is de novo, and that the court may sustain the refusal of a license for different reasons from those given by the Board or for reasons additional to those stated by the Board."

The consideration of an appeal is not, therefore, limited to the reason given by the board for its action, but the court proceeds as if the board had not made any decision, and the burden is on appellant to prove that he has fully complied with all the requirements of the act.

Section 6(a) of the act requires that appellant be a reputable person, a citizen of the United States, and a resident of the Commonwealth for two years at the date of his application, and section 12(c) of the act requires that he shall have been a resident of Juniata County for one year immediately preceding his application. We are satisfied from the evidence as to his citizenship and resi-

dence, but there was no evidence that he is a reputable person, and we will not presume that he is. A good reputation is generally the consequence of a good character, and good character is very essential if one is to procure a license to sell liquors. If a licensee does not have a good character, there is a great probability that he will not obey the restrictions in the act. Hence, proof of good reputation is necessary.

Section 12(c) of the act says: "No person who holds, either by appointment or election, any public office which involves the duty to enforce any of the penal laws of the United States of America, or any of the penal laws of the Commonwealth of Pennsylvania, or any penal ordinance or resolution of any municipal subdivision of this Commonwealth, shall be issued any . . . retail dispenser's license, nor shall such a person have any interest, directly or indirectly, in any such license." There is no evidence that appellant is eligible for a license according to this provision.

Section 6(b) of the act requires that certain notice of the application be given and that proof thereof be filed, and there is no evidence to show that this requirement has been complied with.

Section 11 of the act requires that the application contain certain information and have attached to it a certificate of at least 12 reputable qualified electors of Lack Township and be verified by the affidavit of the applicant, but there is no evidence that this requirement has been complied with.

Section 18 of the act requires that a certain bond of appellant be given, but there is no evidence that this requirement has been complied with.

The petition states that the application was for a retail dispenser eating place license. Section 2(i) of the act defines an "eating place" as "a premise *where food is regularly and customarily prepared and sold* having a total area of not less than three hundred square feet, available to the public in one or more rooms other than

living quarters, and equipped with tables and chairs accommodating thirty persons at one time." There is no evidence that the premises for which the application was made, at the time of the application and at the time of the hearing, measured up to the requirements of this definition in every respect.

The court will not presume that any one or more of these requirements have been met. To do that the court would have to ignore the spirit as well as the letter of the law.

*Decree*

And now, June 23, 1941, the appeal is dismissed. Exception allowed.